## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Irwin McNeil Scott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 18, 2018

Court of Appeals Case No.
18A-CR-355

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1610-F3-64

**Robb, Judge.**

# Case Summary and Issue

[1] Irwin Scott pleaded guilty to two counts of failure to remain at the scene of an accident, both Level 3 felonies, and resisting law enforcement, a Level 6 felony. The trial court sentenced Scott to an aggregate term of twenty-two years at the Indiana Department of Correction. On appeal, we vacated one of Scott's convictions for failure to remain at the scene of an accident for violating double jeopardy and remanded for resentencing on the remaining conviction. *See Scott v. State*, No. 71A05-1706-CR-1225 at *2 (Ind. Ct. App. Nov. 3, 2017). Following remand, the trial court resentenced Scott to an aggregate term of seventeen years at the Department of Correction. Scott now appeals his sentence, raising the sole issue of whether it is inappropriate in light of the nature of his offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] The underlying facts were set forth in Scott's prior appeal:

> On October 12, 2016, police stopped the vehicle in which Scott and two children were passengers. The driver of the vehicle exited to talk to the police officer, and Scott, who was intoxicated, moved into the driver's seat and drove away. The police attempted to pull him over, but he kept driving for multiple blocks, crashed into a pole, flipped the vehicle over, and left the scene without checking if he could aid anyone or waiting for the police to arrive. The two children each sustained serious bodily injury as a result of the accident.

On October 14, 2016, the State charged Scott with two counts of failure to remain at the scene of an accident as level 3 felonies and one count of resisting law enforcement as a level 6 felony. On March 27, 2017, the court held a hearing, and Scott pled guilty as charged without a plea agreement. When asked by the court what differentiated the two counts of failure to remain at the scene of an accident, the prosecutor indicated that there were two separate victims.

On May 10, 2017, the court held a sentencing hearing. It sentenced Scott to consecutive terms of ten years for each count of failure to remain at the scene of an accident and two years for resisting law enforcement, for an aggregate sentence of twenty-two years.

*Id.* at *1.

[3] On appeal, Scott argued his convictions and sentences violated his protections against double jeopardy. The State conceded that Scott's two convictions for failure to remain at the scene of an accident constitute only one offense and we vacated one of Scott's convictions and sentences and remanded for resentencing. *Id.* at *2.

[4] On remand, Scott requested that the trial court impose the original ten-year sentence for the remaining count of failure to remain at the scene of an accident. The State requested that Scott receive the maximum penalty due to the injuries sustained by two minors.

[5] The trial court found Scott's open plea as a mitigating factor and weighed that against the aggravating factors of Scott's criminal history, the fact that he was

on probation at the time of the offense, and the nature of the crime. Concluding the aggravating factors outweighed the sole mitigating factor, the trial court sentenced Scott to fifteen years to be served consecutively with the two-year sentence for resisting law enforcement that was left undisturbed by Scott's prior appeal. Therefore, Scott was sentenced to an aggregate term of seventeen years at the Department of Correction. Scott now appeals.

# Discussion and Decision

# I. Standard of Review

Even when a trial court has acted within its discretion in imposing a sentence, Article 7, sections 4 and 6 of the Indiana Constitution authorize our independent appellate review and revision of sentences. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied*. Indiana Appellate Rule 7(B) implements that authority, providing, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). This analysis "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). And finally, we emphasize that our

role is to "leaven the outliers," not to achieve the perceived "correct" result in each case. *Id*. at 1225.

# II. Improper Sentence

## A. Indiana Appellate Rule 7(B)

Notably, Scott argues his sentence is inappropriate solely in light of his character. Scott provides no argument regarding the nature of his offense, explaining that his character renders his sentence inappropriate "even when factoring in the 'nature of the offense,' the age of the victims, and the other seriousness of the injuries that the two children suffered." Brief of Appellant at 10. In turn, the State contends Scott has waived our review by failing to address the nature of his offense, citing *Simmons v. State*, 999 N.E.2d 1005, 1013 (Ind. Ct. App. 2013), *trans. denied*; *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*; and *Williams v. State*, 891 N.E.2d 621, 623 (Ind. Ct. App. 2008), in support of this contention. Brief of Appellee at 9.

We have acknowledged that "our jurisprudence on this issue is far from settled[.]" *Reis v. State*, 88 N.E.3d 1099, 1102 (Ind. Ct. App. 2017). In *Reis*, we examined recent precedent including our supreme court's decision in *Shoun v. State*, where, rather than deem the defendant's Rule 7(B) argument waived for failing to argue both prongs, the court concluded that the defendant's "arguments that his character makes his . . . sentence inappropriate are not persuasive." 67 N.E.3d 635, 642 (Ind. 2017). We then explained:

> We continue to view [*Connor v. State*, 58 N.E.3d 215 (Ind. Ct. App. 2016)]'s interpretation of Rule 7(B) as consistent with the purpose of the rule, our constitutional prerogative from which the rule is derived, and principles of justice. Indeed, requiring a defendant to *prove* each of the prongs in order to render his sentence inappropriate can lead to absurd results and require defendants to mount disingenuous arguments on appeal. As we noted in *Connor*, this interpretation of Rule 7(B) does not lessen a defendant's burden; rather, the burden may be "heightened by the need to prove the nature of his character should overcome the admittedly serious nature of his offense." 58 N.E.3d at 220. Therefore, we continue to recognize the two prongs of Rule 7(B) to be separate inquiries that must "ultimately be balanced in determining whether a sentence is inappropriate." *Id.* at 218.

*Reis*, 88 N.E.3d at 1104 (footnote omitted).

[9] Most recently, our supreme court has again declined to waive a defendant's argument where the defendant "argued his character alone merited a lesser sentence." *Wright v. State,* No. 18S-CR-166 at page 18 (Ind. Oct. 4, 2018). Accordingly, as we did in *Reis*, we reject the State's argument that Scott has waived review of his sentence by acknowledging the serious nature of his offense. Therefore, we will consider both the nature of Scott's offense and his character in evaluating whether his sentence is inappropriate.

## B. Nature of the Offense

[10] The advisory sentence is the starting point which our legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Scott was convicted of failure to remain at the scene of an accident that occurred while he was operating a vehicle while intoxicated that resulted in

serious bodily injury, a Level 3 felony.  A Level 3 felony carries a possible sentence of three to sixteen years, with an advisory sentence of nine years.  Ind. Code § 35-50-2-5(b).  Thus, Scott's fifteen-year sentence was six years more than the advisory sentence and one year less than the maximum sentence allowed for a Level 3 felony.

Here, all while intoxicated, Scott led police on a high-speed chase with two eight-year-old children in the vehicle.  Scott then wrecked the vehicle and fled without providing aid to the two children who suffered serious, life-threatening injuries.  These selfish actions demonstrate a blatant disregard for both life and the law and nothing about the particularly egregious nature of this offense leads us to question the trial court's near-maximum sentence.

## C. Character of the Offender

As discussed above, Scott contends his sentence is inappropriate in light of his character.

> The "character of the offender" portion of the standard refers to the general sentencing considerations and the relevant aggravating and mitigating circumstances.  We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate.  A defendant must still persuade the appellate court that his or her sentence has met the inappropriateness standard of review.

*Reis*, 88 N.E.3d at 1104-05 (citations omitted).

[13]     Here, the trial court found Scott's open plea agreement was the sole mitigating factor. As for aggravating factors, the trial court explained:

> I do consider the same aggravating factors as I did before, Mr. Scott. Your criminal history, that this is your fourth felony conviction, that you were on felony probation at the time you committed this offense. I take into account now there were two separate children injured and while . . . sentencing for those two counts was in error, I think I can take into account the fact that there was more than the one victim of this offense. And I do still take into account that [the second victim's] injuries were – I think as we talked about at the time any single one of his injuries at that time could have reached the level of serious bodily injury or reached – met the definition of serious bodily injury. The totality of his injuries then was so far greater than what the [S]tate would have to prove.
>
> I think [the State] is right whether we say there were two victims and that's the aggravator, that the offense took place in the presence of another child under twelve. However, that aggravator is actually raised, I believe it's an aggravating factor, that there was another child present. That other child was injured and that other child was a witness to and part of that accident.

Transcript, Volume 2 at 8-9.

[14]     Scott argues even though his prior convictions "can be considered an aggravating factor, to order him to a maximum, executed sentence is inappropriate given that his criminal history is not extensive, even when factoring in the 'nature of the offense,' the age of the victims, and the other seriousness of the injuries the two children suffered." Br. of Appellant at 10.

Thus, it appears the thrust of Scott's argument is that his "criminal history is not extensive[.]" *Id.*

[15] At only twenty-seven years old, however, Scott's criminal history includes three misdemeanor convictions, three felony convictions, and Scott was on felony probation at the time of the offense in question. As we often note, even a minor criminal record reflects poorly on a defendant's character, *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007), and Scott's criminal history is more than minor. Therefore, we find nothing about Scott's criminal history that renders his near-maximum sentence inappropriate.

[16] Finally, Scott emphasizes his "substantial history of substance abuse." Br. of Appellant at 9. But besides listing several examples, Scott never explains how this fact renders his sentence inappropriate. In any event, we have explained that substance abuse may be an aggravating circumstance where the defendant is aware of a substance abuse problem but has failed to take appropriate steps to treat it, as is the case here. *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), *trans. denied*. Accordingly, as with the nature of Scott's offense, we find nothing about Scott's character rendering his sentence inappropriate.

# Conclusion

[17] We conclude Scott's sentence is not inappropriate in light of the nature of his offenses or in light of his character. We therefore affirm.

[18] Affirmed.

Baker, J., and May, J., concur.